UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DEBORA E. LESCOE, | ) No. CV 12-03177-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

          considered the examining physician's opinion; and

  2.   Whether the ALJ properly considered Dr. Perez' treating opinion.

(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ'S FAILURE TO DISCUSS RELEVANT FINDINGS OF THE CONSULTATIVE PSYCHOLOGIST MANDATES REMAND FOR FURTHER HEARING**

This Court's Opinion pertains to a Decision of the ALJ dated September 3, 2010. (AR 21-28.) That Decision followed a hearing held on August 19, 2010 pursuant to an Order of the Appeals Council vacating the ALJ's prior Decision and remanded for further proceedings. (AR 83-87, 45-64.) At that second hearing, Plaintiff was represented by the same counsel who presently represents her in this litigation. Testimony was taken from a vocational expert ("VE").

At the request of the Department of Social Services, Dr. Riahinejad, a clinical psychologist, conducted a psychological evaluation ("CE") on April 7, 2010. This resulted in his report (AR 778-782), along with his completing a Medical Source Statement of Ability to do Work-Related Activities (Mental), a form supplied by the Social Security Administrative Office of Hearings and Appeals. (AR 783-785.)

The ALJ found that Plaintiff has the following severe

2

impairments: "right shoulder impingement syndrome, degenerative disc disease of the thoracolumbar spine with scoliosis, cervical myofascial pain, polysubstance dependence in remission and borderline intellectual functioning." (AR 23.)

Citing the report of Dr. Riahinejad, the ALJ concluded that the psychologist "found [Plaintiff] capable of understanding, remembering and carrying out simple, repetitive instructions." (AR 25.) Two paragraphs later, the ALJ stated, "I give significant weight to the conclusions of [Dr. Riahinejad] because he examined the [Plaintiff] and his conclusions are not rebutted by any treating source." (Id.)

In determining Plaintiff's mental residual functional capacity ("MRFC"), the ALJ made the following findings:

> "She also has mild to moderate restriction of activities of daily living, mild to moderate difficulties in maintaining social functioning, mild to moderate difficulties in maintaining concentration, persistence or pace with no episodes of decompensation. Accordingly, she can perform basis unskilled work."

(AR 26.)

Finally, relying entirely on the testimony of the VE, at Step Five the ALJ identified available jobs which Plaintiff can perform. (AR 27-28.)

Plaintiff asserts that the ALJ failed to acknowledge or discuss a critical conclusion of Dr. Riahinejad: that Plaintiff has marked limitations in her "ability to make judgments or simple work-related decisions." (JS at 6, citing AR 783.) Citing well established principles of Social Security law, Plaintiff asserts that the ALJ is

3

1  required to state clear and convincing reasons supported by
2  substantial evidence to reject the uncontradicted opinion of a
3  treating or examining doctor. (Id., citing Bayliss v. Barnhart, 427
4  F.3d 1211, 1216 (9th Cir. 2005).  Even if contradicted, such an opinion
5  may not be rejected without providing specific and legitimate reasons
6  supported by substantial evidence in the record. (Id., citing Lester
7  v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

  Plaintiff asserts that Dr. Riahinejad's conclusion that Plaintiff is able to "understand, remember and carry out simple and repetitive instructions" (AR 782) is separate and apart from the psychologist's opinion that Plaintiff has a marked limitation regarding judgments and simple work-related decisions.

  The Commissioner's response may be summarized as follows:

  1. Plaintiff inappropriately focuses on two boxes that Dr. Riahinejad checked off, while Dr. Riahinejad found no limitation for other work-related activity (JS at 9);

  2. The ALJ noted that another examining mental health expert, psychiatrist Dr. Nguyen, concluded that Plaintiff could "perform work-related duties and adapt to commonplace stressors of a work environment." (JS at 9, AR 25, 649-56);

  3. The non-exertional limitations determined by the ALJ pursuant to 20 C.F.R. § 416.920a(c) are not equivalent to the MRFC (JS at 10);

  4. The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence. (JS at 11.)

  The Commissioner's arguments do not adequately address the problem.  While the ALJ determined to give significant weight to the

4

conclusions of Dr. Riahinejad, noting that he both examined Plaintiff and that his conclusions were not rebutted by any treating source, he failed to even acknowledge Dr. Riahinejad's finding of a marked limitation in Plaintiff's ability to make judgments on simple work-related decisions. At the least, this created an ambiguity in the medical evidence, which cannot be resolved by simply adopting Dr. Riahinejad's conclusion that Plaintiff is able to understand, remember and carry out simple and repetitive instructions. It would seem apparent that the ALJ determined to give no weight to the former conclusion, but give full credence to the latter. This is not a resolution of ambiguity or contradiction in the medical evidence. The significance of the evidence is underscored by the VE's testimony at the hearing. In response to Plaintiff's counsel's question which added to the ALJ's hypothetical the additional limitation of "marked impairment in the ability to make judgments and simple work-related decisions," the VE opined that Plaintiff could not perform the occupations which the VE had just previously identified. (See AR 63, 62.) The ALJ properly determined to utilize a VE in this case based on Plaintiff's non-exertional limitations. See Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988); Gamer v. Secretary of Health & Human Servs., 815 F.2d 1275, 1279 (9th Cir. 1987). That testimony cannot be ignored.

Because of this unresolved evidentiary issue, this matter must be remanded for further hearing. Additional evidence may be taken, or the ALJ may contact Dr. Riahinejad in an effort to resolve the ambiguity or contradiction in his findings.

A similar infirmity characterizes the ALJ's rejection of the opinion of Plaintiff's long-time treating physician, Dr. Perez. (AR

5

463-467.) While the Commissioner disagrees with Plaintiff's characterization, it is in fact the case that the ALJ's decision rejects Dr. Perez's conclusions because "his assessment is not supported by the objective findings or the evidence of record." (AR 24.) In other cases, this Court has often commented on the inadequacy of this reason, as it simply does not permit judicial review. Moreover, the Commissioner is well aware of controlling Ninth Circuit case law which finds such assertions in an ALJ's decision to be inadequate and to mandate reversal. See Embrey v. Bowen, 849 F.2d 418, 421-422 (9th Cir. 1988); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1299 (9th Cir. 1999). Here, there is objective evidence underlying Dr. Perez's conclusions (see summary of evidence at JS 15-16), and Dr. Perez also obtained and examined referrals and reports from pain management and physical therapy providers. (AR 330, 341, 361-363.)

Moreover, while the Commissioner posits that the ALJ justifiably relied instead on the orthopedic evaluation of Plaintiff done by Dr. Moazzaz (AR 24), the reliance the ALJ placed on Dr. Moazzaz's opinion is not entitled to any deference because, again, it was based upon the ALJ's generic statement that Dr. Moazzaz's conclusions "are consistent with the objective findings in the evidence of record." Again, this provides absolutely no basis for judicial review. The Commissioner should take to heart clear and longstanding Ninth Circuit law that if the treating physician's opinion is controverted by the independent examination of another treating physician, or an examining physician, the former may be rejected only if there are findings which set forth specific and legitimate reasons based on substantial evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

6

1  That did not occur in this case. Thus, as an alternative basis for
2  reversal, the Court finds that Plaintiff's second issue has merit, and
3  the matter will be remanded for rehearing also as to that issue.
4      For the foregoing reasons, this matter will be remanded for
5  further hearing consistent with this Memorandum Opinion.
6      **IT IS SO ORDERED**.

DATED: January 8, 2013

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

7